Joseph A. Cox, S.
The petitioner in this proceeding to revoke, the letters of administration issued to the respondent administratrix seeks leave of the court to amend the petition in the following three respects. The first amendment seeks the inclusion in the petition of the present residence of the petitioner. The failure to set forth this address was alleged to be a jurisdictional defect in a motion to dismiss the proceeding but as the court has indicated in the decision on that motion it is not so *779 considered by this court. As also indicated in that decision, as neither of the parties to this proceeding will be prejudiced by the amendment, the motion is in that respect granted.
The second amendment seeks the inclusion in the petition of the names of all persons who may be interested in the estate. Authorizations and notices of appearance have been filed, on behalf of these parties who now seek to intervene in the proceeding, by the attorney for the petitioner.
The third amendment sought by the petition is the inclusion in the petition of an additional ground for removal of the respondent administratrix under subdivision 2 of section 99 of the Surrogate’s Court Act.
For some time now this court has been conducting hearings with respect to the petitioner’s status as a party interested in the estate. It is obvious that if the petitioner is successful in establishing her status as the decedent’s wife at the time of his death that the letters heretofore granted to the respondent administratrix will be revoked and a new administrator appointed.
It cannot be claimed that the other parties interested in the estate are either necessary or proper parties to the preliminary hearings now being held to determine the petitioner’s status. Although these parties may have an academic interest in the outcome of the proceeding the determination of the issue as to the petitioner’s status in no way affects their own rights or interests in the estate.
If allowed, these amendments in effect would bring in additional parties to a pending proceeding who allege a separate and distinct cause of action against the respondent administratrix. The petitioner has no interest in that cause of action because if unsuccessful in this proceeding she is not a person who can seek the removal of the respondent on the additional ground now sought to be included in the petition to revoke letters. At this stage of the proceeding the intervention of additional parties who allege a distinct and separate cause for the removal of the respondent, would only serve to complicate an already complicated matter and could serve no useful purpose. These parties are at liberty to bring a separate proceeding for revocation for the reasons set forth in the proposed amendment. By so doing orderly procedure will be maintained and confusion will be avoided.
For the reasons stated above the motion to amend the petition is denied except as hereinabove first indicated.