Joseph A. Cox, S.
The motion to dismiss the application to revoke letters of administration issued by decree of this court to the respondent administratrix Doris Parker on March 12, 1956 is denied.
It is the respondent’s contention that the petition is jurisdictionally defective in that it does not set forth the petitioner’s residence and that necessary and proper parties to the proceeding have not been cited. Section 51 of the Surrogate’s Court Act states that a petition, must, among many other things, substantially set forth the name and address of the petitioner and text writers have said, without substantiating authority, that the statutory requirement is jurisdictional. Despite this, however, this court is of the opinion that the failure to set forth the petitioner’s residence is not such an omission as to render the petition jurisdietionally defective. The petition was signed and duly verified by the petitioner. She is represented by counsel upon whom all papers can be served and has submitted herself to the jurisdiction of the court under the provisions of section 41 of the Surrogate’s Court Act which gives the court jurisdiction over the petitioner in the proceeding pending before it. In a proceeding such as this the requirement that the petitioner’s residence be set forth in the petition is only a safeguard of the respondent’s right to apply for security for costs under section 282 of the Surrogate’s Court Act and serves no other purpose. That the respondent in the ease at bar knew that the petitioner *781 was an inmate of a penal institution is shown by the answer which sets forth that fact and security for costs is part of the relief requested in the instant motion.
This proceeding is brought under section 99 of the Surrogate’s Court Act. Under that section the residence of the petitioner is immaterial to and has no bearing upon the right of a petitioner to bring a proceeding. The only qualification set forth therein to permit the petitioner to avail herself of the jurisdiction of the court and the relief therein contained is that she be a person interested in the estate. The petitioner herein alleges that she was the decedent’s wife at the time of his death and, even though she may or may not qualify as a person to whom letters of administration may be issued, if it be established that she, the petitioner, and not the present administratrix was the decedent’s wife at the time of his death she is a person interested in the estate and qualified to bring this proceeding.
The contention of the respondent administratrix that the proceeding is jurisdictionally defective in that necessary and proper parties to the proceeding were not cited, is also without merit. There is no requirement in a proceeding brought under section 99 of the Surrogate’s Court Act, to cite anyone other than the respondent whose removal is sought. The statute so states and no purpose would be served by bringing in additional parties. The issue is between the respondent and the petitioner who seeks her removal on the ground that the application was obtained by a false suggestion of a material fact. No other issue is before the court and there are no other persons who are necessary parties to the proceeding. It is only if this issue is determined adversely to the respondent administratrix that the court will be concerned with the selection of another administrator and at that time citations will have to issue pursuant to the provisions of section 120 of the Surrogate’s Court Act.
This motion to dismiss the proceeding was made during the course of hearings which were being held to determine the petitioner’s status. In the light of what has transpired in this matter thus far the court is of the opinion that the petitioner is entitled to have the issues raised by the petition passed upon by it. In the exercise of its discretion the court, therefore, denies the application for security for costs.
The petitioner herein has by separate motion moved this court for leave to amend the petition pursuant to the provisions of section 42 of the Surrogate’s Court Act. One of the amendments sought is to include the address of the petitioner in the petition. As indicated above this court is not of the opinion that such an amendment is necessary in order to confer juris *782 diction upon this court. However, as neither of the parties hereto will be prejudiced thereby that portion of the motion will be granted as indicated by separate opinion rendered by this court with respect to that motion (33 Misc 2d 778).